## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JQ SOLUTIONS, | Case No. 2:11-cv-00101-RLH-PAL |
| Plaintiff, | |
| vs. | **ORDER AND REPORT OF FINDINGS AND RECOMMENDATION** |
| MICHAEL DAHIR, et al., | (IFP App - Dkt. #4) |
| Defendants. | |

This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #4) on March 4, 2011. Previously, Plaintiff filed an incomplete Application (Dkt. #1), and the court directed him to refile a completed one on or before March 8, 2011. The court specifically directed Plaintiff to detail any financial gifts he received and also to clarify the nature of the entity JQ Solutions. Plaintiff complied. JQ Solutions is a sole proprietorship of Mark Johnson. Although the Ninth Circuit has not ruled on the issue, other courts have found that a sole proprietorship may litigate *pro se*, recognizing that the sole proprietorship has no legal identity separate from the proprietor himself. *See, e.g., U.S. v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (sole proprietorship can appear *pro se*); *RZS Holdings AVV v. PDVSA Petroleo S.A.,* 506 F.3d 350, 354 n.4 (4th Cir. 2007); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Lowery v. Hoffman*, 188 F.R.D. 651, 653-54 (M.D. Ala. 1999). Accordingly, Plaintiff JQ Solutions may appear *pro se*. The court has reviewed Plaintiff's new Application to Proceed *In Forma Pauperis* (Dkt. #4), and Plaintiff qualifies to proceed *in forma pauperis*. The court will now screen Plaintiff's Complaint.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint attempts to state a claim under 18 U.S.C. § 1030 on the grounds that Defendants engaged in computer fraud and abuse. The Ninth Circuit has held that there is no private right of action under Title 18 of the United States Code. *See Dyson v. Utigard,* 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18). Thus, Plaintiff's Complaint does not state a claim under Title 18, and it will be recommended that this claim be dismissed.

Plaintiff further alleges Defendants breached their contract with JQ Solutions. Although a breach of contract claim is a matter of state law, Plaintiff has alleged diversity jurisdiction exists in this case because the parties are residents of different states, and his alleged damages exceed $75,000.00. *See* 28 U.S.C. § 1332. In order to state a claim for breach of contract under Nevada law, Plaintiff must

allege (1) formation of a valid contract; (2) performance or excuse of performance by the Plaintiff; (3) material breach by the Defendants; and (4) damages. *See May v. Anderson*, 121 Nev. 668, 672 (Nev. 2005) (basic contract principles require an offer and acceptance, meeting of the minds, and consideration); *Bernard v. Rockhill Dev. Co.,* 103 Nev. 132, 135 (Nev. 1987). Here, Plaintiff alleges he entered into a contract with Defendants to broker the sale of gold dust between them and a vendor in Guinea, he performed under the contract by finding Defendants a seller and negotiating the price to be paid, that after Defendants traveled to Guinea, they attempted to exclude him from any contractual relationship, and that Plaintiff suffered twelve million dollars of damages as a result. Plaintiff's Complaint, therefore, states a claim for breach of contract and invokes the court's jurisdiction under 28 U.S.C. § 1332.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #4) is is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue summons to Defendants, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to

///

    Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4.  From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

**IT IS RECOMMENDED** that Plaintiff's claim under 18 U.S.C. § 1030 be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 11th day of March, 2011.

                _____
                PEGGY A. LEEN
                UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153

///

1  (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject
2  to the page limitations found in LR 7-4.