# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JQ SOLUTIONS, | Case No.: 2:11-cv-00101-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Order and Report of Findings and Recommendation–#5; Motion for Entry of Clerks Default–#11) |
| MICHAEL DAHIR, and TEMPLAR INVESTMENTS, LLC, | |
| Defendants. | |

      Before this Court is the **Order and Report of Findings and Recommendation** of the United States Magistrate Judge (#5), entered by the Honorable Peggy A. Leen regarding Plaintiff JQ Solutions' Application to Proceed *In Forma Pauperis* (#4, filed Mar. 4, 2011). An objection (#8) was filed to Magistrate Judge Leen's recommendation in accordance with Local Rule LR IB 3-2 of the Rules of Practice of the United States District Court for the District of Nevada. This matter was referred to the undersigned for consideration.

      Also before the Court is Plaintiff JQ Solutions' **Motion for Entry of Clerks Default** (#11, filed Apr. 11, 2011).

///

1

**BACKGROUND**

This dispute arises out of Plaintiff's allegations that Defendants engaged in computer fraud and abuse and also breached their contract with Plaintiff. In her Report of Findings and Recommendation, Magistrate Judge Leen recommended that Plaintiff's claim for computer fraud and abuse under 18 U.S.C. § 1030 be dismissed for failure to state a claim. She recommended dismissal on the grounds that Title 18 of the United States Code lacks a private right of action. Plaintiff objected to this recommendation arguing that Title 18 does in fact contain a private right of action pursuant to § 1030(g). Plaintiff subsequently filed a motion for entry of default against Defendants. For the reasons discussed below, the Court rejects the recommendation and denies Plaintiff's motion for entry of default.

**DISCUSSION**

**I.    Report and Recommendation**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Local Rule IB 3-2. If a party makes a timely objection to the magistrate judge's recommendation, then a district court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.*

The Court has conducted a *de novo* review of the record in this case and determines that the Recommendation of Magistrate Judge Leen must be rejected. In 1994, Congress amended 18 U.S.C. § 1030 to include a private right of action in certain situations. *Id.* at § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."); *see also LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009) (stating the elements plaintiff was required to show in order to bring successful action based on a violation of § 1030(a)(4)). Accordingly, the Court must reject Magistrate Judge Leen's recommendation.

///

**II.     Entry of Clerks Default**

The process for obtaining a default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Rule 55(a) allows a default to be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." However, an entry of default is not a matter of right. *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

The Court finds that Plaintiff has failed to show sufficient service of process to warrant a clerks entry of default. Rule 4(e) of the Federal Rules of Civil Procedure requires a plaintiff to effectuate personal service of his summons and complaint to an individual. Similarly, Rule (4)(h) requires a plaintiff to effectuate personal service upon a corporation through its "officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." These rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008).

Plaintiff asks the Court for entry of default based upon his attempt to effectuate

service of process on Defendants. Plaintiff utilized a process server to deliver his summons and complaint to the last and only known address for Defendants. However, the process server discovered that the address belongs to a mailbox facility where Defendants could not be personally served. Plaintiff states that this discovery confirmed his suspicion that the address is a fraudulent attempt to misdirect people. Nonetheless, the Court cannot enter default against parties which have not received adequate notice of the claims against them. Plaintiff did not attempt any additional means of service. Neither did Plaintiff allow for the responsive time period to pass before he filed for default because the 21-day period does not begin to run until a defendant has been served. *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer within 21 days *after being served* with the summons and complaint ..." (emphasis added)). The Court therefore finds that Plaintiff's attempted service was ineffective to give Defendants adequate notice.

Furthermore, the Court notes that Plaintiff seeks a significant amount of money—12 million dollars—in a suit based upon the breach of an oral agreement for Plaintiff to broker the sale of gold dust to an international vender. The Court has serious reservations concerning the merits of Plaintiff's substantive claim and concludes that an entry of default would be inappropriate. Accordingly, the Court denies Plaintiff's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS THEREFORE ORDERED that Magistrate Judge Leen's Order and Report of Findings and Recommendation is REJECTED as to Plaintiff JQ Solutions' claim under 18 U.S.C. § 1030 and AFFIRMED in all remaining aspects.

IT IS FURTHER ORDERED that Plaintiff JQ Solutions' Motion for Entry of Default (#11) is DENIED.

Dated: June 1, 2011.

_____
ROGER L. HUNT
United States District Judge

4

AO 72
(Rev. 8/82)