# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| JQ SOLUTIONS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:11-cv-00101-RLH-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHEAL DAHIR, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the parties failure to file a Certificate as to Interested Parties as required by LR 7.1-1. The Complaint (Dkt. #6) in this matter was filed March 16, 2011. Defendant Micheal Dahir's Answer (Dkt. #16) was filed August 30, 2011. LR 7.1-1(a) requires, unless otherwise ordered, that in all cases (except *habeas corpus* cases) *pro se* litigants and counsel for private parties shall, upon entering a case, identify in the disclosure statement required by Fed. R. Civ. P. 7.1 all persons, associations of persons, firms, partnerships or corporations (including parent corporations) which have a direct, pecuniary interest in the outcome of the case. LR 7.1-1(b) further states that if there are no known interested parties, other than those participating in the case, a statement to that effect must be filed. Additionally, LR 7.1-1(c) requires a party to promptly file a supplemental certification upon any change in the information that this rule requires. To date, the parties have failed to comply. Accordingly,

**IT IS ORDERED** the parties shall file their Certificate as to Interested Parties, which fully complies with LR 7.1-1 **no later than 4:00 p.m., March 2, 2012.** Failure to comply may result in the issuance of an order to show cause why sanctions should not be imposed.

Dated this 21st day of February, 2012.

_____
Peggy A. Leen
United States Magistrate Judge