UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JQ SOLUTIONS,<br><br>                    Plaintiff,<br><br>         v.<br><br>MICHEAL DAHIR, et al.,<br><br>                    Defendants. | Case No. 2:11-cv-00101-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment – dkt. no. 49;<br>Plfs' Motion to Quash – dkt. no. 52) |

## I.   SUMMARY

Before the Court is Defendant Micheal Dahir's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Dkt. no. 49.) Rather than responding to the Motion, Plaintiff filed a Motion to Quash Defendant's Motion. (Dkt. no. 52.) The Court will construe Plaintiff's Motion as an opposition to Defendant's Motion. For the reasons discussed below, the Motion to Dismiss is granted, and the Motion to Quash is accordingly denied.

## II.   BACKGROUND

This suit arises out of an alleged breach of contract between Plaintiff JQ Solutions ("Plaintiff"), and Templar Investment Group, LLC, ("Templar") an LLC managed by Defendant Micheal Dahir ("Defendant"). Plaintiff alleges he entered into a contract with Templar in 2007 to broker the sale of gold dust between Templar and a vendor in Guinea (the "Vendor") under which Plaintiff was to receive a percentage of profits. Plaintiff allegedly found Templar a seller and negotiated the price to be paid. However,

in 2008, after Defendant traveled to Guinea, Templar entered into the contract with the Vendor, and excluded him from any contractual relationship. Plaintiff also alleges that, in the process of cutting him out of the contractual relationship, Templar hacked into its computer to obtain information. As a result, Plaintiff alleges it suffered damages of twelve million dollars.

Plaintiff brought suit in 2011 alleging breach of contract and violations of 18 U.S.C. § 1030. Plaintiff's original Complaint included Templar as a named defendant, but Plaintiff subsequently filed an Amended Complaint omitting Templar.[1] Defendant now moves to Dismiss Plaintiff's Amended Complaint for failure to state a claim or, alternatively, for summary judgment.

**III.   DISCUSSION**

    **A.   Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to rise above the speculative level." *Id.* Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. The Court also notes the well-established rule that pro se complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

---

[1] The Court's Order dated February 17, 2012 (dkt. no. 20.), noted this omission and accordingly dismissed Templar.

Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990). However, a district court may convert the motion to one for summary judgment and consider extrinsic evidence when a party has notice that the court may look beyond the pleadings. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). In these cases, although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

Here, Defendant's extrinsic evidence is not the form of an affidavit sworn under penalty of perjury and is also not authenticated. As such, it is inadmissible and may not be considered on a motion for summary judgment. Accordingly, the Court does not consider it, and will not convert Defendant's Motion to one for summary judgment. Instead, the Court will restrict its analysis to the sufficiency of the complaint under the 12(b)(6) standard.

**B.    Analysis**

**1.    Patriot Act Claim**

Under 18 U.S.C. § 1030(a)(4), whoever "knowingly and with intent to defraud, accesses a protected computer without authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value" is subject to liability. 18 U.S.C. 1030(g) provides a private right of action for such violations. However, any private right of action must be brought within two years "of the date of the act complained of or the date of the discovery of the damage." *Id*.

Plaintiff alleges that, as part of the plan to exclude Plaintiff from the contractual relationship with the Vendor, Defendant conspired to access his computer to gain information relating to Plaintiff's "contacts and opportunities." Although, Plaintiff's Amended Complaint contains scant details about the alleged unauthorized access to his computer, the Amended Complaint indicates that the unauthorized access coincided

with the consummation of the contract between Templar and the Vendor and the subsequent "cut out" of Plaintiff from contractual relations.  The Amended Complaint further details that the consummation of the contract between Templar and the Vendor and the resulting exclusion took place in 2008.  Plaintiff's Amended Complaint does not allege that the unauthorized access remained undiscovered for a time.  Because Plaintiff did not bring its Patriot Act claim until 2011, over two years later, the claim is barred by the two year statute of limitations.  Consequently, Plaintiff has not stated a claim upon which relief may be granted.

### 2. Breach of Contract

In his Motion, Defendant argues that the allegations of the Complaint only pertain to Templar and that, in his individual capacity, he is shielded by Templar's corporate status.  Further, Defendant argues that the Complaint contains no alter-ego allegations to pierce the corporate veil and implicate his personal liability.  The Court agrees.

The Amended Complaint does not allege that Defendant himself was a party to the contract.  Further, it contains no allegations that Defendant acted outside the scope of his duties as manager of the corporation, or that Defendant treated the corporation as his alter-ego.  Consequently, as to Defendant in his individual capacity, Plaintiff has not stated a claim upon which relief can be granted.

Although a district court only looks to the sufficiency of facts contained in the complaint in a 12(b)(6) analysis, the Court notes that even the additional allegations contained in Plaintiff's Motion to Quash are insufficient to make an alter-ego claim.  Plaintiff's factual allegations that Defendant signed documents on behalf of Templar, generally participated as manager of Templar in the exclusion of Plaintiff from the contract with the Vendor, and frustrated Plaintiff during discovery do not tend to show a plausibility that Defendant treated the corporation as his alter-ego.

///

///

///

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (dkt. no. 49) is GRANTED.

IT IS FURTHER ORDRERED that Plaintiff's Motion to Quash (dkt. no. 52) is DENIED.

DATED THIS 21st day of March 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5